IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL HAROLD REPPERT,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)　　Case No. CV-07-107-S-BLW
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　**INITIAL REVIEW ORDER**
　　　　　　　　　　　　　　　　)
KAREN B. BARRETT, P.A. and　　)
B.P. FREEMAN,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　 )
_____ )

　　　　Pending before the Court is the review of Plaintiff's Prisoner Civil Rights

Complaint (Complaint) to determine whether the allegations of the Complaint are

subject to summary dismissal under 28 U.S.C § 1915(e)(2).  Plaintiff has also filed

a Motion to Proceed in Forma Pauperis (Docket No. 1).

　　　　Having carefully reviewed the record, and otherwise being fully informed,

the Court has determined that Plaintiff's Complaint does not adequately allege

Eighth Amendment claims against the Defendants.  Accordingly, Plaintiff's

Complaint will be dismissed without prejudice, and the Court will deny his request

for indigent filing status at this time.

# REVIEW OF COMPLAINT

## Background

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC).  He is presently incarcerated at the Idaho State Correctional Institution (ISCI).  He filed his lawsuit against the following Defendants: (1) Karen B. Barrett, physician's assistant at Ada County Jail (ACJ), and (2) B.P. Freeman, Deputy Sheriff at ACJ.  *Complaint*, p. 1-2.

Plaintiff alleges that he was in a motorcycle accident in November of 2005, and he suffered a road rash wound on his right foot.  *Complaint* p. 13.  He claims that his civilian doctor ordered the dressings on his foot changed daily, and that the wound was not to dry out.  *Complaint* p. 3.

Plaintiff alleges that ACJ medical staff repeatedly missed dressing changes from December of 2005 through July of 2006.  He claims specifically that P.A. Karen Barrett would not provide the dressing changes, nor would she allow him the supplies to do so himself.  He also claims that Deputy Freeman threatened him with disciplinary action if Plaintiff asked to contact the medical staff.  *Complaint* p. 3-4.

Plaintiff submitted grievance forms in December of 2005, February of 2006,

**Initial Review Order - 2**

and May of 2006 claiming pain and infection in the wound.  These grievances alleged that medical staff failed to change the dressings.  Staff responses to the grievances indicate that medical personnel changed the dressings and reported no infection.  *Complaint* p. 9-12.

Plaintiff claims that the missed dressing changes delayed the healing process in his foot, causing him pain and making it difficult to walk each time the wound dried out.  He requests injunctive relief and compensatory and punitive damages. *Complaint* p. 6-7.

## Applicable Legal Standards

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or by federal statute proximately caused by conduct of a person

**Initial Review Order - 3**

acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

For an inmate to state a claim under § 1983 for denial of adequate medical treatment, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  *Id.*

The Ninth Circuit has defined a "serious medical need" as

failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Plaintiff claims that the Defendants failed to provide adequate care for the wound on his foot; however, his injury does not appear to meet the definition of a "serious medical need" as set forth by the Ninth Circuit.  Plaintiff fails to show that Defendants' actions have resulted in further significant injury to his foot.

**Initial Review Order - 4**

Likewise, Plaintiff fails to show that the injury significantly affects his daily activities or causes chronic and substantial pain.

Plaintiff must also allege that Defendants' acts evidence "deliberate indifference" to the serious medical need. Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff's claims allege differences in judgment and mere indifference, but they do not indicate the "deliberate indifference" required to satisfy an Eighth Amendment claim.

Plaintiff's claim implies retaliation by Defendant Freeman. Plaintiff alleges

**Initial Review Order - 5**

that Defendant Freeman threatened him with disciplinary action for asking to contact medical personnel; however, Plaintiff does not claim that disciplinary action ever occurred.  A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  A "chilling effect on First Amendment rights" is enough to state an injury. *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001). Plaintiff alleges a threat but no adverse action by Defendant Freeman sufficient to chill Plaintiff's exercise of his First Amendment Rights.  Plaintiff's allegations are therefore insufficient to state a colorable retaliation claim under the First Amendment.

Because Plaintiff's claims do not show deliberate indifference to a serious medical need, and there is only a minimal reference to retaliation, the allegations fail to state cognizable constitutional claims against Defendants.  The complaint will be dismissed without prejudice, and Plaintiff will be given leave to file an amended Complaint within thirty (30) 30 days.  If Plaintiff determines that he does not meet the applicable legal standards, then he may file a notice of voluntary

**Initial Review Order - 6**

dismissal.

## Pending Motion

Plaintiff filed a Motion to Proceed *in Forma Pauperis*, supported by an affidavit of assets and a prison trust account statement.  Based on the dismissal of the Complaint, the Court will deny the request for indigent filing status without prejudice to renewing it.  If Plaintiff files an amended complaint, he may simply renew his request for consideration of the application and affidavit.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Prisoner Civil Rights Complaint is subject to dismissal for failure to state claims upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B).  Plaintiff shall be given leave to file an amended complaint in accordance with the directives set forth above within thirty (30) days of this Order's date.  Failure to comply with the Court's directives may result in the dismissal of Plaintiff's action.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed *in Forma Pauperis* (Docket No. 1) is DENIED without prejudice to renewing it.

DATED:  **June 7, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Initial Review Order - 8**